Argued and submitted October 11, reversed and remanded December 4, 1985,
reconsideration allowed February 12, 1986
See 77 Or App 718, 714 P2d 279

1000 FRIENDS OF OREGON,
*Petitioner,*

*v.*

LAND CONSERVATION AND DEVELOPMENT
COMMISSION and WASHINGTON COUNTY,
*Respondents.*

(84-ACK-103; CA A33438)

711 P2d 134

Robert E. Stacey, Jr., Portland, argued the cause and filed the briefs for petitioner.

Michael A. Holstun, Assistant Attorney General, Salem, argued the cause for respondent Land Conservation and

Development Commission. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Jeff Bennett, Assistant Attorney General, Salem.

Alan S. Bachman, Chief Assistant County Counsel, Hillsboro, waived appearance for respondent Washington County.

Frank M. Parisi, and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland, filed a brief *amicus curiae* for Oregon Forest Industries Council.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

### RICHARDSON, P. J.

■    Petitioner seeks review of LCDC's limited acknowledgment of Washington County's rural area plan and regulations. Petitioner argues first that "LCDC violated Goal 5 and its Goal 5 rule by allowing Washington County to rely on the [Forest Practices Act] and rules [under the Act] to resolve conflicts between" forest operations subject to the Act and Goal 5 resources. Therefore, petitioner contends, LCDC erred by acknowledging the county's plan and regulations as complying with Goal 5. For the reasons stated in *1000 Friends of Oregon v. LCDC,* 76 Or App 33, 708 P2d 370 (1985), petitioner is correct.[1]

Petitioner makes a number of assignments of error relating to other issues. Only one requires discussion. It argues that LCDC erred by acknowledging certain portions of exception area 131 as being irrevocably committed to nonresource use. Petitioner maintains that, in LCDC's initial review of Washington County's plan in 1982, it had required several lots to be removed from the exception area. According to petitioner, LCDC found in the 1984 acknowledgment order before us now that all of those lots had been removed. Petitioner objected in the 1984 proceeding that

> " * * *two large portions along the area's periphery are not committed and must be removed from the exception area. The first such portion is on the eastern edge of the exception area. In this portion, only large ownership units which receive special resource taxation benefits exist. The second portion to which we object consists entirely of a large ownership under the Pearson name. Farm use on this large block of resource land is simply not impracticable."

Petitioner explains in its briefs that the Pearson tract described in its objection contains some of the territory that LCDC directed the county to remove from the exception area in 1982, and petitioner argues that LCDC's 1984 finding that the county had done so is erroneous.

---

[1] However, contrary to petitioner's related argument, the compatibility of the responsible state agency's Forest Practices Act program with the land use laws and goals is not an issue in this review of the order acknowledging the county's plan. Moreover, the correctness of petitioner's *arguendo* suggestion that a county *could* rely on the Act and agency rules rather than developing its own Goal 5 program, if the Act and rules were certified as complying with the goals, *see* ORS 197.180, is extremely doubtful. *See 1000 Friends of Oregon v. LCDC, supra.*

LCDC stated in the 1984 order, and reiterates in its argument here:

> "Washington County has justified this exception area. The previous findings of the County are adequate to support this *reduced* area. The contested tax lots have been removed.
>
> "The objection from [petitioner] 1000 Friends is too general to evaluate. Without a specific reference to the tax lots it believes are not committed, the Commission cannot be expected to guess which areas are of concern to 1000 Friends or sustain their objection. The areas previously questioned by the Commission have been removed and the remainder of the exception area is clearly supported by the County's findings." (Emphasis in original.)

Petitioner replies:

> "1000 Friends' objection * * * says that two large blocks, one in the eastern edge of the area, the other 'a large ownership under the Pearson name,' are not committed to nonresource use.
>
> "The reference to an 'ownership under the Pearson name' is a reference to the county's tax lot map showing ownership patterns in this exception area, Map No. 2S 3 8. LCDC referred to this same map in its 1982 review of Washington County. In a passage from that order, quoted in the order under review, LCDC directed Washington County to *delete* from exception area 131 an ownership of 50 acres composed of tax lots 1100 and 1104, on 'Map 2S 3-8.'
>
> "Upon receiving 1000 Friends' objections, LCDC staff should have looked at Map No. 2S 3 8. Had they done so, they would have seen tax lots 1100 (35.6 acres) and 1104 (15 acres)—a contiguous 50 acres under the ownership, according to the map, of 'person, Lee and Jean.' This, of course, is the 'large ownership under the Pearson [sic] name' referred to in 1000 Friends' objections. LCDC's staff then could have confirmed—by looking at the plan and zoning map—that tax lots 1100 and 1104 *remain in the exception area*—despite LCDC's finding to the contrary.
>
> "This petitioner is sometimes criticized for allegedly trying to do LCDC's job for it. In this case, it appears the agency's excuse is that petitioner didn't." (Emphasis petitioner's.)

In a less hyperbolic vein, the disputants also advance

case authority in support of their respective positions. Petitioner cites our statement in *1000 Friends of Oregon v. LCDC,* 69 Or App 717, 729, n 12, 688 P2d 103 (1984), that

> "* * * LCDC's role is to use all of the information available, including that presented in objections, to make its independent determination of whether the county has shown that the exceptions are justified. LCDC should evaluate the strength of the county's case, not the weakness of the objector's."

Equally or more to the point is *Marion County v. Federation For Sound Planning,* 64 Or App 226, 236-37, 668 P2d 406 (1983), where we held that LCDC is required to respond to properly raised objections.

LCDC cites *1000 Friends of Oregon v. LCDC,* 73 Or App 350, 698 P2d 1027, *rev allowed* 300 Or 111 (1985), in which we declined to address assignments of error and arguments that were insufficient to apprise us of what the petitioner wanted us to review. Petitioner correctly points out that that case is inapposite. This court reviews for error, and it is the responsibility of the party seeking a reversal to identify the error which it contends requires that we reverse; conversely, LCDC has an affirmative responsibility to review local comprehensive plans and regulations for goal compliance, not simply to review objections to the plans and regulations. ORS 197.250; 197.251. It does not follow, however, that LCDC's response to an objection must or can be an exercise in telepathy. LCDC cannot respond to anything more than what an objector *says;* it cannot be required beyond that to discern what the objector *means,* nor can it be required to make an informed response to an objection that contains no information.

In this case, however, petitioner's objection was clear enough and contained enough information to require responsive treatment by LCDC. Although petitioner could have been more specific (and should be, if LCDC seeks clarification on remand), we conclude that the locations and characteristics of the challenged parcels were set forth with enough particularity to enable LCDC to identify them in the course of carrying out its responsibility to determine whether the entire exception area was irrevocably committed. That conclusion is reinforced by the fact that the area had received close attention from LCDC in its 1982 review whether or not, as

petitioner argues,[2] the two tax lots that LCDC concluded it could not identify in 1984 because of petitioner's failure to designate them by number were among the lots that LCDC had directed the county to remove from the exception area in 1982.

LCDC erred by failing to respond to the objection. Petitioner's underlying contention is that LCDC erred by approving the county's inclusion of the challenged territory in the exception area. We cannot decide at this time whether that contention is correct. LCDC's response to the objection on remand may affect its resolution and our review of that issue.

Reversed and remanded for reconsideration of Goal 5 compliance and of exception area 131; otherwise affirmed.

---

[2] We do not decide whether petitioner's assertion is correct, because, for the reasons stated in the next paragraph in the text, we do not reach the substantive merits of the assignment of error.